# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HERCULES MACHINERY CORPORATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    CAUSE NO. 1:07-CV-323 ) |
| MILLCREEK, INC., and MICHAEL MYERS, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Defendant Michael Myers is a resident of Ohio, and that Defendant Millcreek, Inc., is a "corporation incorporated in the State of Ohio with its principal place of business located in the State of Ohio." (Notice of Removal ¶ 2.) The Notice of Removal also alleges that Plaintiff Hercules Machinery Corporation, Inc., is "a corporation of the State of Indiana[,]" and the Complaint states that "Hercules is an Indiana corporation with its principal place of business in Allen County, Indiana." ( (Notice of Removal ¶ 2; Compl. ¶ 1.)

Defendants' Notice of Removal, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
    Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992));

that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency.  As to Defendant Michael Myers, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").  The Notice of Removal is deficient because it only alleges Defendant Michael Myers's residency.

As to Plaintiff Hercules Machinery Corporation, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1).  Thus, the Court must be apprised of both facts with respect to Plaintiff Hercules Machinery Corporation, Inc.  While the Complaint and Notice of Removal identify the Plaintiff's principal place of business and state that it is an Indiana corporation, neither clearly specifies the state in which the Plaintiff is incorporated.

Therefore, Defendant is ORDERED to supplement the record forthwith with an amended

---

*Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

2

Notice of Removal as to the citizenship of Plaintiff Hercules Machinery Corporation, Inc., and Defendant Michael Myers.

    SO ORDERED.

    Enter for this 17th day of December, 2007.

                                          /S/ Roger B. Cosbey  
                                          Roger B. Cosbey,  
                                          United States Magistrate Judge